<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BENJAMIN GARCIA TORRES,**<br><br>**Plaintiff,**<br><br>v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>**Defendant.** | **Civil Action No. 15-6344 (ES)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is an appeal filed by Plaintiff Benjamin Garcia Torres seeking review of an Administrative Law Judge's ("ALJ") decision denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). The Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons set forth herein, the Court VACATES the Commissioner's decision and REMANDS the matter to the ALJ.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On March 12, 2013, Plaintiff filed a Title II claim for DIB and a Title XVI application for SSI alleging disability beginning May 6, 2012. (D.E. No. 6, Administrative Record ("Tr.") at 189). Plaintiff alleges a disability stemming from asthma, back pain, osteoporosis, heart problems, and lung problems. (*Id.* at 50). The claim was denied initially and again upon reconsideration. (*Id.*

at 95-120). Plaintiff requested a hearing before an administrative law judge, which was held on April 9, 2014. (*Id.* at 27-49).

On May 28, 2014, the ALJ issued an unfavorable decision. (*Id.* at 88-102). Thereafter, Plaintiff requested an Appeals Council review, which was denied on July 2, 2015. (*Id.* at 1-6). Plaintiff subsequently filed the instant appeal.

Plaintiff filed a brief in support of the instant appeal. (D.E. No. 10, Plaintiff's Memorandum of Law ("Pl. Mov. Br.")). Defendant filed an opposition brief. (D.E. No. 11, Defendant's Brief Pursuant to Local Civil Rule 9.1 ("Def. Opp. Br.")). The case is ripe for determination.

## II. LEGAL STANDARD

### A. Standard of Awarding Benefits

To receive DIB or SSI under Titles II and XVI, a plaintiff must show that she is disabled within the definition of the Act. *See* 42 U.S.C. §§ 423, 1382. In applying for DIB, claimants must also satisfy the insured status requirements enumerated in 42 U.S.C. § 423(c). Those who seek SSI must fall within the income and resource limits set forth in 42 U.S.C. §§ 1382a and 1382b.

Disability is defined as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The individual's physical or mental impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(a), 1382c(a)(3)(B).

The Social Security Act has established a five-step sequential evaluation process to determine whether a plaintiff is disabled. 20 C.F.R. § 416.920. If the determination at a particular step is dispositive of whether the plaintiff is or is not disabled, the inquiry ends. 20 C.F.R. § 416.920(a)(4). The burden rests on the plaintiff to prove steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At step five, the burden shifts to the government. *Id.*

At step one, the plaintiff must demonstrate that she is not engaging in any substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). Substantial gainful activity is defined as significant physical or mental activities that are usually done for pay or profit. 20 C.F.R. §§ 416.972(a), (b). If an individual engages in substantial gainful activity, she is not disabled under the regulation, regardless of the severity of her impairment or other factors such as age, education, and work experience. 20 C.F.R. § 416.920(b). If the plaintiff demonstrates she is not engaging in substantial gainful activity, the analysis proceeds to the second step.

At step two, the plaintiff must demonstrate that his medically determinable impairment or the combination of his impairments is "severe." 20 C.F.R. § 416.920(a)(4)(ii). A "severe" impairment significantly limits a plaintiff's physical or mental ability to perform basic work activities. 20 C.F.R. § 416.920(c). Slight abnormalities or minimal effects on an individual's ability to work do not satisfy this threshold. *See Leonardo v. Comm'r of Soc. Sec.*, No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. Nov. 16, 2010).

At step three, the ALJ must assess the medical evidence and determine whether the plaintiff's impairments meet or equal an impairment listed in the Social Security Regulations' "Listings of Impairments" in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 416.920(a)(4)(iii). The ALJ must "fully develop the record and explain his findings at step three." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000).

If a plaintiff is not found to be disabled at step three, the analysis continues to step four in which the ALJ determines whether the plaintiff has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the plaintiff lacks the RFC to perform any work she has done in the past, the analysis proceeds.

In the final step, the burden shifts to the Commissioner to show that there is a significant amount of other work in the national economy that the plaintiff can perform based on his age, education, work experience, and RFC. 20 C.F.R. § 416.920(a)(4)(v).

### B. Standard of Review

The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is more than a "mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). While failure to meet the substantial evidence standard normally warrants remand, such error is harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Thus, this Court is limited in its review because it cannot "weigh the evidence or

substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

## III.    DISCUSSION

On appeal, Plaintiff argues that ALJ James Kearns's decision contains legal error and is not supported by substantial evidence. In particular, Plaintiff asserts that the ALJ: (1) improperly evaluated the medical evidence (Pl. Mov. Br. at 7); (2) failed to properly assess Plaintiff's RFC (*id.* at 12); and (3) did not provide the vocational expert with a complete hypothetical (*id.* at 15). The Court addresses each argument in turn.

First, Plaintiff argues that the ALJ improperly considered Plaintiff's complaints concerning his diagnosis of asthma, back pain, osteoporosis, heart problems, and lung problems. (*Id.* at 7-8). Assessing a claimant's symptoms involves a two-step process. First, the ALJ must determine whether there is a "medically determinable impairment that could reasonably be expected to produce [a claimant's] symptoms." 20 C.F.R. § 404.1529(b). Second, the ALJ must evaluate the "the intensity and persistence of [] symptoms, such as pain, and determin[e] the extent to which [a claimant's] symptoms limit [his] capacity for work." 20 C.F.R. § 404.1529(c). When subjective complaints are unsupported by objective medical evidence, the ALJ must make a credibility determination based upon the entire record. *Conn v. Astrue*, 852 F. Supp. 2d 517, 527 (D. Del. 2012). An ALJ's credibility determination is afforded deference. *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009) ("In determining whether there is substantial evidence to support an administrative law judge's decision, we owe deference to his evaluation of the evidence [and] assessment of the credibility of witnesses . . . .").

At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since May 6, 2012. (Tr. at 16). At step two, the ALJ determined that Plaintiff's degenerative disc

5

disease of the lumbar and cervical spine, osteoporosis, and asthma were severe. (*Id.*). But, at step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 17).

At step four, the ALJ determined that Plaintiff had the "capacity to perform medium work as defined in CFR 404.1567(c) and 416.967(c) except he must avoid concentrated exposure to extreme heat and cold, wetness, humidity, odors, fumes, dusts, gases, poorly ventilated areas, and other respiratory irritants." (*Id.*). In determining Plaintiff's RFC, the ALJ considered Plaintiff's testimony regarding his alleged symptoms. According to Plaintiff, he cannot work because of pain in his right hip and asthma. (*Id.* at 18 (considering Plaintiff's testimony)). Notably, as the ALJ indicated, Plaintiff testified that he is not seeing any doctors because he cannot afford to. (*Id.* at 18, 37). Ultimately, the ALJ concluded that, pursuant to the guidelines for assessing a claimant's symptoms, Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (*Id.* at 18).

For Plaintiff's lumbar and cervical disc disease and osteoporosis, as well as Plaintiff's asthma, the ALJ repeatedly "cast[ed] doubt" as to Plaintiff's credibility of the symptoms because Plaintiff's treatment was limited and he was only taking over-the-counter medication. (*See id.* at 18-19). Plaintiff contends that the ALJ improperly minimized the severity of Plaintiff's symptoms without considering the fact that Plaintiff could not afford treatment. (Pl. Mov. Br. at 8). The Court agrees.

Social Security Regulation ("SSR") 96-7p states that:

the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or

6

> records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure. However, the adjudicator must not draw any inference about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment. The adjudicator may need to recontact the individual or question the individual at the administrative proceeding in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner.

SSR 96-7p, 1996 WL 374186, at *7 [hereinafter SSR 96-7p]. The Regulation goes on to provide examples of explanations by the claimant that might "provide insight into the individual's credibility." *Id.* One explanation that the SSR 96-7p includes is that "[t]he individual may be unable to afford treatment and may not have access to free or low-cost medical services." *Id.* at *8.

Here, as stated, Plaintiff testified that he could not afford to see doctors. According to Plaintiff, his Medicaid was taken away. (Pl. Mov. Br. at 8; Tr. at 37). Nevertheless, the ALJ repeatedly held that Plaintiff's allegations of his symptoms were unsupported because he was only taking over-the-counter medication and was not seeking treatment. (*See* Tr. at 18-19).

Indeed, the ALJ specifically held that Plaintiff's "lumbar and cervical disc disease and osteoporosis would contribute to the medium exertional restrictions set forth in the residual functional capacity assessment. However, in general the clinical signs and findings have been minimal and the *clamant has had no significant treatment for these impairments*." (Tr. at 18 (emphasis added)). With respect to the same impairment, the ALJ concluded that Plaintiff "has denied even conservative treatment such as physical therapy, and reports *taking only over-the-counter medications*." (*Id.* at 19 (emphasis added)). The ALJ noted that Plaintiff's "treatment has been extremely limited, consisting only of occasional emergency room visits *with no consistent care*." (*Id.* (emphasis added)). According to the ALJ, "[a]ll of this evidence casts doubt upon the

7

credibility of the claimant's allegations that his symptoms are disabling." (*Id.*). Ultimately, the ALJ concluded that his "assessments are consistent with the general lack of treatment the claimant has had for either his asthma or his orthopedic impairments . . . ." (*Id.*).

The Court concludes that the ALJ's failure to address and/or consider Plaintiff's statement regarding his inability to afford medical treatment constitutes an error warranting remand pursuant to SSR 96-7p. *See Diggs v. Colvin*, No. 13-4336, 2015 WL 3477533, at *2 (E.D. Pa. May 29, 2015) ("I find that the ALJ's failure to consider whether Plaintiff could afford medical treatment and medication due to the state of her insurance coverage was an error that requires remand."); *see also Madron v. Astrue*, 311 F. App'x 170, 178 (10th Cir. 2009) (noting that an individual's inability to afford treatment is a legitimate excuse when a claimant's level of complaints is inconsistent with frequency of treatment).[1] Under SSR 96-7p, the ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide." SSR 96-7p. Based on the ALJ's opinion, it is unclear whether he considered Plaintiff's explanation for an inability to seek treatment. Moreover, it is unclear whether he explored Plaintiff's access to low-cost medical services. Rather, it would appear that the ALJ drew negative inferences from Plaintiff's failure to seek treatment—in direct contradiction of SSR 96-7p.

---

[1] *See also Melendez v. Colvin*, No. 13-1068, 2015 WL 5512809, at *9 (N.D.N.Y. Sept. 16, 2015) ("[I]t is unclear whether the ALJ could have properly made an adverse inference regarding Melendez's lack of medical treatment while at the same time crediting plaintiff's allegation that she lacked access to affordable medical treatment during the relevant period. Accordingly, this finding should also be clarified on remand.") (citation omitted); *Schulenberg v. Astrue*, No. 08-4075, 2009 WL 3336011, at *4 (D. Kan. Oct. 14, 2009) ("Because the ALJ asserted that plaintiff should have made more persistent efforts to find a means of ameliorating her impairments, but failed to inquire of plaintiff why she did not make more persistent efforts to find a means of ameliorating her impairments, and failed to consider plaintiff's inability to afford certain treatment options, the court will not in the first instance attempt to consider what weight the ALJ would have given to plaintiff's credibility had he considered this evidence. Therefore, this case shall be remanded for proper consideration of this evidence.").

Although Plaintiff maintains the burden at steps one through four of the five-step evaluation process, *see* 42 U.S.C. § 423(d)(5), the ALJ's failure to consider Plaintiff's ability to afford medical treatment constitutes error warranting remand. The ALJ's credibility determination had a significant impact on the RFC analysis, which in turn affects the ALJ's determination at step five—whether, considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(v). Because the ALJ erred in his credibility determination, the Court declines to entertain Plaintiff's arguments as they relate to the ALJ's later determinations—*i.e.*, determinations made after assessing Plaintiff's credibility.

Accordingly, the Court concludes that the ALJ erred in failing to consider Plaintiff's ability to afford treatment.

## IV. CONCLUSION

For the foregoing reasons, the Court VACATES the decision of the Commissioner of Social Security and REMANDS this matter for further review consistent with this Opinion. An appropriate Order accompanies this Opinion.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**